UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MONAL PATEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE AMBIT GROUP, NATIONAL OCEANIC )<br>AND ATMOSPHERIC ADMINISTRATION, and )<br>DR. TIMOTHY GALLAUDET, Administrator, )<br>)<br>Defendants. )<br>) | Civil Action No. 18-2985 (RDM) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>FEDERAL DEFENDANTS' MOTION TO DISMISS</u>**

Defendants National Oceanic and Atmospheric Administration and Dr. Timothy Gallaudet[1] (jointly, the ¨Federal Defendants"), respectfully submit this motion and memorandum of law to dismiss the claims set forth in the *pro se* Complaint for a Civil Case Alleging Breach of Contract, filed December 18, 2018.  ECF No. 1.  The claims sounding in breach of contract against the Federal Defendant should be dismissed because this Court lacks subject-matter jurisdiction.  The claims alleged under the Administrative Procedure Act also should be dismissed for lack of subject-matter jurisdiction or for failure to state a claim upon which relief can be granted.

**ALLEGATIONS IN THE COMPLAINT**

Plaintiff, proceeding *pro se*, has filed a form Complaint alleging a breach of contact claim based on diversity of citizenship, 28 U.S.C. § 1332.  The complaint alleges that on August 17,

---

[1] Defendant Dr. Timothy Gallaudet is the Assistant Secretary of Commerce for Oceans and Atmosphere and Acting Under Secretary of Commerce for Oceans and Atmosphere.  Based on a fair reading of the Complaint, we understand that Dr. Gallaudet has been named as a defendant in his official capacity, and not for actions for which he could be personally liable.

2018, he made an agreement or contract with Defendants that included a salary of $4,583 per pay period "as long as I submitted to client security and clearance process." Compl. at 5. Plaintiff alleges that he "signed an employment offer," attended training and provided fingerprints in connection with this potential job. *Id.* At some point, Defendant The Ambit Group emailed Plaintiff that "the position was pulled by the government." *Id.*

Plaintiff alleges that the course of dealing constituted an "implied contract agreement." *Id.* He also alleges "wrongful termination," asserting that if The Ambit Group hired an internal staffer, they acted in bad faith toward him and gave no indication in subsequent correspondence that he would have no job to report to. *Id.*

Plaintiff alleges that The Ambit Group and NOAA breached the contract and that NOAA also violated the Administrative Procedure Act. He argues that Defendants' actions have caused "unemployment, loss of reputation, and emotional distress and depression." *Id.* at 6. He seeks "payment for a job offer terms for a 12 month period, plus benefits," as well as "any fees, delivery of new assignment through Ambit, and liquidated damages of $300,000." *Id.*

## APPLICABLE LEGAL STANDARDS

### I.      FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Federal courts are courts of limited jurisdiction and may hear only those cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. *See, e.g., Loughlin v. United States,* 393 F.3d 155, 170 (D.C. Cir. 2004); *Hunter v. District of Columbia,* 384 F.Supp.2d 257, 259 (D.D.C. 2005). Although *pro se* complaints are held to a less stringent pleading standards than formal pleadings drafted by lawyers, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), all plaintiffs bear the burden of establishing subject matter jurisdiction, *see Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011).

A court must accept all the factual allegations in the complaint as true when evaluating a motion to dismiss for lack of subject matter jurisdiction, *see Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), but it may also consider any undisputed facts in the record, or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Sciences,* 974 F.2d 192, 197 (D.C. Cir. 1992). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint... will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted).

## II.     FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

A party may move to dismiss a complaint on grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "In evaluating a motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 27 (D.D.C. 2006).

When considering a Rule 12(b)(6) motion, courts may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint" or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks and citations omitted). The court may also consider documents in the public record of which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). The Court must also construe a *pro se* complaint liberally when considering a motion to dismiss. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## ARGUMENT

**I. PLAINTIFF'S CONTRACT CLAIMS AGAINST THE FEDERAL DEFENDANTS MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

Under a liberal reading of the *pro se* Complaint, Plaintiff is alleging that he has suffered injury because he had apparently been offered a job, had begun the employment process, but eventually the offer was withdrawn or the job opening was vacated. Plaintiff claims that he had an implied contract between him and the Defendants, and that Defendants breached that contract by not providing him the job.

As noted above, Plaintiff brings suit against the Federal Defendants on a contract theory, and he seeks damages in excess of $10,000. As a result, jurisdiction over this claim lies with the Court of Federal Claims—not with this Court. *See* 28 U.S.C. § 1491(a); *see also Hansson v. Norton,* 411 F.3d 231, 232 (D.C. Cir. 2005); *Brown v. United States,* 389 F.3d 1296, 1297 (D.C. Cir. 2004) (affirming dismissal where "case should have been brought in the Court of Federal Claims pursuant to the Tucker Act because [plaintiff] advance[d] a contract claim against the

4

United States in excess of $10,000"). The Court should therefore grant the Federal Defendants' motion to dismiss this contract claim, to the extent that it requests money damages, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[2]

## I. THE COURT SHOULD DISMISS THE CLAIM UNDER THE ADMINISTRATIVE PROCEDURE ACT.

Plaintiff's claim includes an allegation that "the Administrative Procedures Act was violated if NOAA decided to insource the role, or if they never informed Ambit Group about the role change."  Compl. at 5.  Plaintiff asks that, in addition to monetary relief, "that there be separate relief assessed for plaintiff in regards to Administrative Procedures Act violations." *Id.* at 6.

Even granting these allegations a liberal interpretation, Plaintiff has not presented sufficient facts that could give rise to an Administrative Procedure Act claim.  *First*, it is not possible from the sparse allegations in the Complaint to discern the agency action that is the subject of the challenge, other than that it related somehow to a withdrawn job offer.  *See Owens v. PNP Paribas, S.A.*, 897 F.3d 266, 270 (D.C. Cir. 2018) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting from *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 570 (2007)).  Accordingly, Plaintiff has not come close to establishing a federal agency action that is "made reviewable by statute" or "for which there is no other adequate remedy in a court."  5 U.S.C. § 704.

---

[2]  The Complaint alleges diversity jurisdiction under 28 U.S.C. § 1332, which applies to civil actions between citizens of different States, or certain situations involving citizens of a State and citizens or subjects of a foreign state.  This section does not confer jurisdiction here because the Federal Defendants are not citizens of a State or a foreign country.  *See Frey v. EPA*, 270 F.3d 1129, 1136-37 (7th Cir. 1991) (holding that a federal agency that is part of the federal government is not a "citizen of a state" within the meaning of Section 1332.).

*Second*, it is unclear what relief Plaintiff could obtain under the Administrative Procedure Act in light of the facts that he has alleged.  The Complaint vaguely requests "separate relief" under the statute, but a claimant may not seek monetary damages under the Administrative Procedure Act.  5 U.S.C. § 702.  It is unclear what non-monetary relief the Court potentially could provide Plaintiff under the generalized factual scenario that he has alleged.  Defendants submit that it would not be appropriate for the Court to order Defendants to give Plaintiff a job or otherwise provide a "new assignment through Ambit."  Compl. at 6.  Indeed, if Plaintiff were able to identify an agency action subject to the statute and prove that it was unlawful, the appropriate relief would be to set aside the relevant agency action.  5 U.S.C. 706(2).  Awarding mandatory injunctive relief to Plaintiff here (such as reinstatement, for example) would be particularly inappropriate, given that Plaintiff admits that the employment opportunity at issue was "at will."  Compl. at 4.

Because the Complaint "fails facially to plead facts sufficient to establish" subject matter jurisdiction, the Court should dismiss the Complaint to the extent that it attempts to allege a claim under the Administrative Procedure Act.  *Achagazai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 16, 173 (D.D.C. 2016).  The Court should dismiss the Administrative Procedure Act claim for failure to comply with Rule 8's pleading requirements and because the Complaint fails to state a claim upon which relief can be granted.

**CONCLUSION**

For the reasons stated above, the Court should grant this motion and dismiss the claims against the Federal Defendants.

Dated: February 4, 2019 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　JESSIE K. LIU, D.C. Bar # 472845
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　DANIEL F. VAN HORN, D.C. Bar # 924092
　　　　　　　　　　　　　　　　　　　　Chief, Civil Division

　　　　　　　　　　　　　　　　　　　　         /s/ *Paul Cirino*
　　　　　　　　　　　　　　　　　　　　PAUL CIRINO
　　　　　　　　　　　　　　　　　　　　New York Bar # 2777464
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　　　U.S. Attorney's Office for the District of Columbia
　　　　　　　　　　　　　　　　　　　　555 Fourth Street, N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20530
　　　　　　　　　　　　　　　　　　　　Phone: (202) 252-2529
　　　　　　　　　　　　　　　　　　　　Fax: (202) 252-2599
　　　　　　　　　　　　　　　　　　　　paul.cirino@usdoj.gov

　　　　　　　　　　　　　　　　　　　　*Attorneys for Federal Defendants*

Of Counsel:

Sapna Sharma
Office of the Assistant General Counsel
U.S. Department of Commerce
Washington, D.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2019, I served the foregoing Motion upon Plaintiff by mailing the motion and accompanying documents via First Class Mail to:

>   Monal Patel
>   2020 F Street, N.W., Apt. 125
>   Washington, DC  20006

In addition, on February 4, 2019, I served a copy of the foregoing Motion and accompanying documents to Plaintiff by sending them via electronic mail to monal.m.patel@gmail.com.

                                                        /s/ Paul Cirino
                                                        Paul Cirino