UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONAL PATEL, ) Case No.: 1:18-cv-02985-RDM
        Plaintiff, )
   vs. )
THE AMBIT GROUP; NATIONAL )
OCEANIC AND ATMOSPHERIC )
ADMINISTRATION, and DR. TIMOTHY )
GALLAUDET, Administrator )

        Defendants

## MEMORANDUM OF LAW IN OPPOSITION TO

## DEFENDANT's MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff, Monal Patel, submits this memorandum of law in opposition to the motion by Defendant 1, the Ambit Group, to dismiss Mr. Patel's Complaint. Ambit's Motion is fundamentally flawed because it is largely based on an asserted lack of evidence supporting Plaintiff's claims. As discussed below, however, a motion to dismiss does not test the adequacy of evidence; it tests the adequacy of allegations. Ambit has stated in their Motion that plaintiff failed to plead arguments in the Complaint that show the 4 elements of a breach of contract case were met.

I feel that I did plead the 4 elements in my Complaint. 1, a contract existed – I stated that the offer letter and language used in subsequent emails with Ambit, and the non solicitation/non interference agreement signed by both parties were an implied contract. Moreover, the offer letter and non-solicitation agreement (especially), on which both parties (plaintiff and Defendant 1) were signatories established promissory estoppel and detrimental reliance. 2, plaintiff performed his contractual obligations – I stated that I followed instructions given to me by Ambit and NOAA to complete paperwork, background investigations, fingerprints, training. The Offer Letter states that the position is contingent upon completing a successful background check and completion of contractually

---

[3] The complaint may include: (1) documents appended to the complaint; (2) documents incorporated by reference in the complaint; and (3) facts taken on judicial notice. Pungitore v. Barbera, No. 12-1795-cv, 2012 WL 6621437, at *2 (2d Cir. Dec. 20, 2012). Moreover, the court may consider documents that the plaintiff relied upon in drafting complaint the complaint and bringing the suit. Magnifico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); Rothman v. Gregor, 220 F.3d 81, 88-9 (2d Cir. 2000).

required security and badging process, which I did. 3, defendant breached the contract – I stated in my Complaint that because I was establishing # 1 and # 2 as fact, when Ambit emailed me on 9/26 stating the position had been pulled and there was no job, this is where Ambit breached the contract. The timing of the reneging of the offer coupled with the series of onboarding activities I had completed in the month since getting the job offer and the specific language Kirsten Carr (a project manager at Ambit who interviewed and offered me the position) used almost weekly from when I got the job offer mid-August, to just a few days before the reneging, also indicate there was a breach of the covenant of good faith and fair dealing. 4, plaintiff suffered damages due to the breach – I stated in my Complaint that this situation caused a great deal of stress, anguish at a long period of unemployment, having to use credit cards to pay for everyday expenses, thereby lowering my credit rating, depression, heart break, and sadness at how people treat others when it comes to such life critical things such as an accepted job offer.

There was detrimental reliance established that is part of the breach of contract cause of action, and possibly part of promissory fraud and/or misrepresentation. The confusion alone was the biggest damage to my soul, as it just did not feel in my gut that things were on the up and up, whether it was Ambit or NOAA, one of the parties messed up, and I was the one who was affected and no one cared. Damages also are presented using the concepts of promissory estoppel, detrimental reliance, and promissory fraud (Rule 8, Section D on plaintiff's ability to state 2 alternative causes of action).

Due to the plaintiff filing pro se and not having any legal expertise or background, the claims may not have been plead exactly as the counsel for Ambit or the Court is used to, but plaintiff did his best to convey why he felt there was a breach and why he felt there was a cause of action to sue.

As will be stated later, there was a series of almost weekly emails back and forth between the plaintiff and members of the Ambit team that showed my confusion and attention to the matter of when the job would start, and why it was taking so long to process. In all these communications, there was never any indication by Ambit members that this role was in jeopardy of going away, or that there was a problem. Quite the opposite, Ambit used language which was reassuring, as if everything was moving along fine, that they were in touch with NOAA and that my eQIP (govt security clearance process) invite "you should get the invite today." This very same email also stated that Ambit reached out to the client (NOAA) and "they were waiting on a final bit of information to process your eQIP and were able to track that down moments ago…" (Ambit email from Kirsten Carr dated 9/14/18) This happened up until a couple days before Ambit sent me the renege email. These emails from Ambit (which are being submitted as exhibits/evidentiary support to my points and authorities), and the wording used in them constitute an implied misrepresentation of facts to the plaintiff. And, if there is an implied misrepresentation of facts, promissory fraud may exist to support the claim of wrongdoing and mistreatment by Ambit and NOAA toward me. NOAA would not be searching and tracking down information for my clearance investigation a week and a half before they were going to pull the position. Federal government does not work that fast. NOAA would have known on 9/14/18 if the position was going to be pulled.

---

[3] The complaint may include: (1) documents appended to the complaint; (2) documents incorporated by reference in the complaint; and (3) facts taken on judicial notice. Pungitore v. Barbera, No. 12-1795-cv, 2012 WL 6621437, at *2 (2d Cir. Dec. 20, 2012). Moreover, the court may consider documents that the plaintiff relied upon in drafting complaint the complaint and bringing the suit. Magnifico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); Rothman v. Gregor, 220 F.3d 81, 88-9 (2d Cir. 2000).

The facts of this job offer situation are not anything I have come across, and I am well-seasoned in federal contract work, over a decade. Pulling a role last minute, especially where the contractor has no idea, does not happen. This situation has never happened to me, nor any colleague I have asked. Not one. Because this is such an odd set of events that transpired with a seemingly innocuous job offer acceptance-to-entry on duty process, the plaintiff feels it is necessary to be allowed to attach to this Motion, the evidentiary support in the form of declarations and exhibits to back his claims and hear from the defendants as to what happened and determine if other causes of action can be brought in an amended pleading or new case.

In this early pleading stage, the plaintiff's Complaint should be assumed to be factual in claims made, with the assumption that evidence supporting the claims was going to be filed at a later date.

At this early pleading stage, probability is not the standard. The standard is plausibility. If the Complaint contains sufficient facts, which, if true, state a claim for relief that is plausible on its face, then the Motion to Dismiss should be denied.

I respectfully ask the Court and Judge to deny Defendant 1's Motion to Dismiss. At this time, I would also ask the Court, respectfully, to change my complaint to request a Jury Trial.

## II. STATEMENT OF FACTS

Section D of Rule 8 states the "Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.

(1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

(2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency." (US Federal Rules of Civil Procedure)

Counsel states that a complaint is not sufficient (to move to dismiss) if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" The plaintiff's understanding of civil process was that Discovery, occurring later, is where he could submit evidence to the Court, and request interrogatories, and request the production of documents by opposing parties. There is a pro se standard for plaintiffs filing. Although the court must limit its review to the facts stated on the face of the complaint, (Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir.1991)),[3] a complaint drafted by a pro se plaintiff must be construed liberally. McGarry v. Pallito, 687 F.3d 505, 509 (2d Cir. 2012); Julian v. New York City Transit Authority, 857 F.Supp. 242 (E.D.N.Y.1994), aff'd, 52 F.3d 312 (2d Cir.1995) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). I ask that this precedent be upheld for me filing as pro se.

---

[3] The complaint may include: (1) documents appended to the complaint; (2) documents incorporated by reference in the complaint; and (3) facts taken on judicial notice. Pungitore v. Barbera, No. 12-1795-cv, 2012 WL 6621437, at *2 (2d Cir. Dec. 20, 2012). Moreover, the court may consider documents that the plaintiff relied upon in drafting complaint the complaint and bringing the suit. Magnifico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); Rothman v. Gregor, 220 F.3d 81, 88-9 (2d Cir. 2000).

3

The allegations in my Complaint are sufficient as they are. In my Complaint, I am not required to set forth the evidence on which I relied on making my allegations. I believe that these are plausible facts to proceed. Further, since I interpreted my statements in the Complaint as establishing the 4 elements to a breach of contract case existed, the Defendant 1's reference in their memo to dismiss that I have not plead any cause of action for a breach of contract, is moot, and therefore should not be used as a factor in granting Ambit's motion to dismiss.

And as I claimed in the Complaint Statement of Claim, "While at will, the offer and subsequent covenant agreement and emails, training for DOC I attended, fingerprints obtained at NOAA, constitute an implied contract agreement. " This would include the covenant of good faith and fair dealings, which both D.C. and Virginia adhere to.

Just reading the Defendant 1's memo, the lack of remorse or apologies for the last minute reneging indicates a poor business dealing and public policy issue of dealing fairly and humanely with people seeking employment. Ambit told me last minute there was no position, after I had been actively engaged, interested, and curious with them for over a month about the role. There was never a call to explain what happened.

Additionally, the Standing Order issued by Judge Moss stated in point 14 that cases involving pro se litigants that cited other cases or authorities should have counsel provide the pro se litigant copies. That was not provided by Defendant 1's counsel. I hereby respectfully ask the Court that I be allowed to be sent copies of these citations to study and properly respond to, and be given the proper time in which to formulate my response to those citations.

## III. LEGAL ARGUMENTS

### A. Standard Of Review

Section D of Rule 8 states the "Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.

(1) In General. Each allegation must be simple, concise, and direct. No technical form is required.

(2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency." (US Federal Rules of Civil Procedure)

---

[3] The complaint may include: (1) documents appended to the complaint; (2) documents incorporated by reference in the complaint; and (3) facts taken on judicial notice. Pungitore v. Barbera, No. 12-1795-cv, 2012 WL 6621437, at *2 (2d Cir. Dec. 20, 2012). Moreover, the court may consider documents that the plaintiff relied upon in drafting complaint the complaint and bringing the suit. Magnifico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); Rothman v. Gregor, 220 F.3d 81, 88-9 (2d Cir. 2000).

There is a pro se standard for plaintiffs filing. Although the court must limit its review to the facts stated on the face of the complaint, (Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir.1991)),3 a complaint drafted by a pro se plaintiff must be construed liberally. McGarry v. Pallito, 687 F.3d 505, 509 (2d Cir. 2012); Julian v. New York City Transit Authority, 857 F.Supp. 242 (E.D.N.Y.1994), aff'd, 52 F.3d 312 (2d Cir.1995) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). I ask that this precedent be upheld for me filing as pro se. Further, as the Footnote 3 below states, I ask this Court to allow that same deference to me, as I am filing pro se, and suing two Defendants on my own. Again, the last minute reneging on my accepted job offer, and subsequent detrimental reliance, I was left unemployed and in debt. I cannot afford an attorney. There were two separate cases cited, Magnifico V. Blumenthal, and Rothman v. Gregor, where the court considered documents that the plaintiff relied upon in drafting the complaint and bringing the suit. In that same vein, I too relied upon documents, such as the restrictive covenant agreement and Ambit's Job Offer and language used in emails with Ambit personnel that established an employer-employee relationship.

The alternative pleading of a claim of promissory fraud is actionable when you consider the email language Ambit used right up until 9/19/18, just 5 days prior to learning, per Ambit, that NOAA pulled the position. The language was assuring, things were moving along. Court of Appeals made clear in Graubard Mollen Bannett & Horowitz v. Moskovitz, that a false statement of intention is sufficient to support an action for fraud. (86 N.Y. 2d 112, 122(1995))

### B. Opposition to Defendant's request that Breach of Contract Claim should be dismissed:

Since Defendant 1's own Counsel specifically calls out D.C. laws and their pertinence to breach of contract cases in his memorandum to support the Motion to Dismiss, Plaintiff alleges that Ambit and NOAA breached the covenant of good faith and fair dealing implied in every contract under District of Columbia law. Nugent v. Unum Life Ins. Co. of Am., 752 F. Supp. 2d 46, 56 (D.D.C. 2010). The courts have interpreted this covenant to mean that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Allworth v. Howard Univ., 890 A.2d 194, 201 (D.C. 2006). Further, "[i]f the party to a contract evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by the other party, he or she may be liable for breach of the implied covenant of good faith and fair dealing." Id. 8

When an employee has an employment contract, whether express or implied, that contract contains an unspoken covenant of good faith and fair dealing. This means that an employer owes an employee a duty to act in good faith and to deal fairly with him/her. The covenant goes both ways, meaning the employee has the same duty to the employer.

---

3 The complaint may include: (1) documents appended to the complaint; (2) documents incorporated by reference in the complaint; and (3) facts taken on judicial notice. Pungitore v. Barbera, No. 12-1795-cv, 2012 WL 6621437, at *2 (2d Cir. Dec. 20, 2012). Moreover, the court may consider documents that the plaintiff relied upon in drafting complaint the complaint and bringing the suit. Magnifico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); Rothman v. Gregor, 220 F.3d 81, 88-9 (2d Cir. 2000).

This construct arose because, in the past, one party often held the position of power in the contract negotiations. This is true in most employment situations, because in almost every state in the U.S., employment is considered to be at-will, meaning an employee can be fired at any time without notice. There are a few exceptions to at-will that may apply, and the covenant of good faith and fair dealing is one of these.

Bad faith and ill will occurred here, as Ambit told me the government pulled the position, but NOAA said the role was never offered. As Defendant 2 to this case, NOAA could respond and provide statements, if their Motion to Dismiss is also denied, which corroborate my claim that a breach of implied good faith and fair dealing by Ambit occurred. These two defendants are not mutually exclusive. They have contracts with each other, so the Ambit's filing of this Motion to Dismiss was premature, as NOAA was yet to even receive the summons. Where, as here, a plaintiff has alleged facts from which a jury could find that the Ambit's (or NOAA's) decisions did not have a rational basis, or that they were "'motivated by bad faith or ill will unrelated to performance,'" the motion to dismiss should be denied.

### C. Opposition to Defendant's request that if Plaintiff is bringing a wrongful termination claim, it should be dismissed:

Defendant 1's statement in their motion about D.C being at-will and having a very narrow exception to the at-will doctrine which would involve refusal to violate a public policy seems strange, as I never mentioned public policy exceptions in my complaint. Clearly, the statement of possible wrongful termination has to do with misrepresentation, promissory fraud, and the breach of the covenant of good faith and fair dealing. Because the Defendant 1 makes repeated use of the term "violation of public policy" as it pertains to my one time use of the concept of wrongful termination in the Complaint, and the fact that I never used that term in my Complaint, I respectfully ask the Court to immediately strike down the request to dismiss any current or future claim of wrongful termination.

As I stated in my Complaint's Statement of Claims, "It is also wrongful termination because if Ambit Group hired an internal staffer, they acted in bad faith toward me, after signing my employment offer and giving no indication in subsequent correspondence that I would have no job to report to." As I have stated earlier in my Introduction, my understanding of the civil complaint process was that the complaint stated the basis for claims, and then I would have the legal recourse during Discovery, to admit exhibits as evidence, and request the production of documents and request interrogatories to obtain facts.

Also within the case of Brown v Raphael (1958) Ch 636 6 it was established that an opinion may be actionable as a misrepresentation where the representor is in a far stronger position to ascertain the facts than the representee. It can be reasoned that two large entities, one a federal agency, were in a stronger position, with far more information, than me. And, Ambit, in an email dated 9/19, uses

---

[3] The complaint may include: (1) documents appended to the complaint; (2) documents incorporated by reference in the complaint; and (3) facts taken on judicial notice. Pungitore v. Barbera, No. 12-1795-cv, 2012 WL 6621437, at *2 (2d Cir. Dec. 20, 2012). Moreover, the court may consider documents that the plaintiff relied upon in drafting complaint the complaint and bringing the suit. Magnifico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); Rothman v. Gregor, 220 F.3d 81, 88-9 (2d Cir. 2000).

language that implies NOAA is in process of my security paperwork and makes no indication of any looming issues.

Attached to this Memorandum as declarations and exhibits is the email from Ambit that included a specific statement and wording that implied the position was now being offered internally versus externally. The sentence is as follows in the email received 9/25 from Ambit reneging on the accepted job offer, "We just received word, yesterday, that this position is being pulled by the government and we are no longer hiring externally to fill it." The specific use of "we" and "hiring externally" and "pulled" call into question whether the covenant of good faith and fair dealing have been violated and, this would have to be coupled with another series of email I have submitted to the Court here as an attachment to the pleading to serve as evidence to support my case (in order to adhere to the Rule on Form and Filing of Documents). These email communications between myself and Ambit occurred almost weekly from August when I accepted the job offer, until end of September when Ambit reneged. The emails with Ambit never indicated any issue with the role, and then very abruptly the next day, was the reneging.

## IV. CONCLUSION

In conclusion, I would ask the Court, respectfully, to deny granting the Defendant's Motion to Dismiss. I have attached to this Memo two declarations of evidence, verified in unsworn declaration under penalties of perjury: one is an email from Ambit Group stating NOAA pulled the position, and the other is a copy of a page out of an official Government EEO Counselor Report (this can also be verified as true and unchanged from how it was provided to me). NOAA task manager who claimed to not know who I was and that the position for CPIC was never offered. Only if the Court **does not** dismiss the case will the 2 Defendants have to state their views on these documents, and allow the Court to determine if there was in fact any misrepresentation or fraud that occurred.

Clearly, something does not add up, and it is my feeling that a preponderance of evidence shows the covenant of good faith and fair dealing was not adhered to at all. Two large presences, one a federal agency and one a private corporation allowed an innocent citizen who just wanted work to pay his rent and bills and make an honest living in this country to suffer greatly. I was unemployed for almost two and a half months. This completely devastated and broke me. When I say this broke me, I say it knowing this experience was the most difficult thing I had to go through. I had done everything right. I had followed everyone's instructions. But when it came down to reneging on this accepted job at NOAA, Ambit could not even be bothered to pick up the phone and explain how sorry they were. No, I was merely tossed out with a paragraph email and their hands were washed. I was not able to pay bills, I had to max out credit cards, and this was a mentally hard time period. I ask the Court to take into consideration that this was not just any ordinary job offer in the private sector. A large volume of personal financial and protected data was submitted to Ambit Group and NOAA (residential, employment, and educational addresses for the past few years, family members' names, addresses, phone numbers, emails, social security numbers. My fingerprints were taken. Training for DOC personally identifiable verification employee card was taken. The employee-

---

[3] The complaint may include: (1) documents appended to the complaint; (2) documents incorporated by reference in the complaint; and (3) facts taken on judicial notice. Pungitore v. Barbera, No. 12-1795-cv, 2012 WL 6621437, at *2 (2d Cir. Dec. 20, 2012). Moreover, the court may consider documents that the plaintiff relied upon in drafting complaint the complaint and bringing the suit. Magnifico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); Rothman v. Gregor, 220 F.3d 81, 88-9 (2d Cir. 2000).

employer relationship had already been established. For all the foregoing reasons, I respectfully ask the Court to deny Defendant 1's Motion to Dismiss.

Respectfully submitted,

Dated: Today's Date          By: _____

2/15/19

MONAL PATEL
Plaintiff, In Pro Se
2020 F St. NW Apt 125
Washington, DC 20006
860-655-7277 ph.
Monal.m.patel@gmail.com

---

[3] The complaint may include: (1) documents appended to the complaint; (2) documents incorporated by reference in the complaint; and (3) facts taken on judicial notice. Pungitore v. Barbera, No. 12-1795-cv, 2012 WL 6621437, at *2 (2d Cir. Dec. 20, 2012). Moreover, the court may consider documents that the plaintiff relied upon in drafting complaint the complaint and bringing the suit. Magnifico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); Rothman v. Gregor, 220 F.3d 81, 88-9 (2d Cir. 2000).

**Verification of unsworn declarations to add as exhibits of evidence in support of my claims (as listed below and attached as files ).**

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on 2/15/19.

Monal Patel". 

---

[3] The complaint may include: (1) documents appended to the complaint; (2) documents incorporated by reference in the complaint; and (3) facts taken on judicial notice. Pungitore v. Barbera, No. 12-1795-cv, 2012 WL 6621437, at *2 (2d Cir. Dec. 20, 2012). Moreover, the court may consider documents that the plaintiff relied upon in drafting complaint the complaint and bringing the suit. Magnifico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); Rothman v. Gregor, 220 F.3d 81, 88-9 (2d Cir. 2000).