# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONAL PATEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE AMBIT GROUP, NATIONAL OCEANIC ) <br> AND ATMOSPHERIC ADMINISTRATION, and ) <br> DR. TIMOTHY GALLAUDET, Administrator, ) <br> ) <br> Defendants. ) | Civil Action No. 18-2985 (RDM) |

## FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFF'S LETTER

Defendants National Oceanic and Atmospheric Administration ("NOAA") and Dr. Timothy Gallaudet (jointly, the "Federal Defendants"), respectfully submit this response to Plaintiff's April 8, 2019, email requesting the Court to add allegations or claims of fraud against NOAA. On June 29, 2019, the Court granted Plaintiff leave to file this communication. ECF No. 17.

The Federal Defendants construe Plaintiff's letter as a request to amend the Complaint to add allegations or claims of fraud against NOAA. The Court should deny Plaintiff's request to file an amended complaint for the following reasons.

*First*, to the extent that Plaintiff intended to move to amend his pleading, he has not complied with Local Civil Rule 15.1. That rule requires a motion for leave to file an amended pleading and to attach, as an exhibit, a copy of the proposed pleading as amended. Plaintiff has not done that. Instead, he has composed an email containing what appear to be excerpts from an article titled "United States: Employers Liable for Fraudulent Hiring" as well as Plaintiff's thoughts and questions about how the issues in the article apply to his situation. Plaintiff's

request, therefore, does not attempt to comply with the rules. As Plaintiff is proceeding *pro se*, he should be held to less stringent pleading standards than those applied to lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but, at the same time, his *pro se* status does not relieve him of his obligation to comply with the Federal Rules of Civil Procedure and the local rules of this Court. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

*Second*, although Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires, the Court "may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Securities Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010). "An amendment is futile if the proposed claim would not survive a motion to dismiss." *Commodore–Mensah v. Delta Air Lines, Inc.*, 842 F. Supp. 2d 50, 52 (D.D.C. 2012) (citation omitted).

In this case, Plaintiff cannot state a fraud or misrepresentation claim against NOAA that could survive a motion to dismiss. The Federal Tort Claims Act ("FTCA") expressly waives the United States' immunity from suit as to certain common law torts "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, the FTCA does not waive the United States' immunity for claims "arising out of . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Sovereign immunity thus continues to bar claims that arise from alleged misrepresentations, whether negligent or intentional. *United States v. Neustadt*, 366 U.S. 696, 700-01 (1961). A plaintiff is therefore precluded from asserting a cause of action "that

centers on allegations that the defendants made a 'communication of misinformation on which the recipient relies.'" *Marcus v. Geithner*, 813 F. Supp. 2d 11, 16 (D.D.C. 2011) (quoting *Neustadt*, 366 U.S. at 703-06).

Accordingly, even if the Court were to conclude that Plaintiff properly filed a motion to amend his pleading, such amendment would be futile because the United States has not waived its sovereign immunity for the claims that Plaintiff intends to assert.

## CONCLUSION

For the reasons stated above, to the extent that the Court construes Plaintiff's email as a request to amend his complaint to include claims based on fraud or misrepresentation, the Court should deny Plaintiff's request.

Dated:  July 8, 2019

Respectfully submitted,

JESSIE K. LIU, D.C. Bar # 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

      /s/ *Paul Cirino*
PAUL CIRINO
New York Bar # 2777464
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530
Phone: (202) 252-2529
Fax: (202) 252-2599
paul.cirino@usdoj.gov

*Attorneys for Federal Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2019, I served the foregoing document upon Plaintiff by mailing the motion and accompanying documents via First Class Mail to:

> Monal Patel
> 2020 F Street, N.W., Apt. 125
> Washington, DC  20006

In addition, on July 8, 2019, I served a copy of the foregoing Motion and accompanying documents to Plaintiff by sending them via electronic mail to monal.m.patel@gmail.com.

       */s/ Paul Cirino*
           Paul Cirino