UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Monal Patel, <br><br> *Plaintiff,* <br><br> v. <br><br> Ambit Group, *et al.*, <br><br> *Defendants.* | Civ. No. 18-cv-02985-RDM |

**MOTION FOR DISCOVERY UNDER
FEDERAL RULE OF CIVIL PROCEDURE 56(D)**



RECEIVED
Mail Room
JUL 25 2019
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

    The Ambit Group and Government have filed a Motion to Dismiss the plaintiff's Amended Complaint. For the reasons stated in the plaintiff's Opposition to the Ambit Group's Motion to Dismiss, filed previously, and for reasons stated in a letter and subsequent civil statement filed prior to this motion, the Ambit Group's Motion to Dismiss should be denied.

    However, because I have not been permitted to conduct discovery, I am unable to fully present facts essential to my opposition to the Ambit Group's and Government's motion because those facts are in the exclusive custody and control of the Government, as was stated in an EEO Complaint's investigatory findings by Department of Commerce. What is understood, however, is that Ambit Group lied in their email to me reneging the offer, and blamed the US Government for pulling the position, and then continued to tow that lie in this case by never being forthright. These are stewards of taxpayer funds in federal contracting, and they acted with questionable ethics and integrity. Accordingly, pursuant to Federal Rule of Civil Procedure 56(d), and for the reasons stated in the attached support document I wrote, the plaintiff moves this Court to deny, or defer consideration of, the Ambit Group's motion to dismiss to allow time to conduct discovery. Justice lies in discovery. Per LCvR7, I did contact opposing counsels on 7/11/19 to confer as to their positions on my filing this motion. On the same day, both parties issued statements of their opposing my motion.

1

Respectfully submitted this 18th day of July, 2019,

Monal Patel
2020 F St NW
apt 125
Wash, dc 20006
(860) 655-7277(telephone)
monal.m.patel@gmail.com
*pro se Plaintiff*

Under the guidance of Rule 56 (d), I respectfully ask your Honor and the clerk to grant my motion to have the ruling on both Defendants' motions to dismiss deferred or denied. I prefer the denial of their motions to be granted, but if not, I believe this is the point that the court should allow time to obtain affidavits and to take discovery. I declare and attest, under penalty of perjury, that I am giving a truthful and honest reason that due to a pending EEO Complaint with Commerce, which has a statement that I could be violating privacy act laws if I release information from its investigation, I cannot, as non-movant, present those facts essential to justify my opposition.

I. <u>Exceptions to At Will Doctrine</u>

DC, MD, VA all recognize limitations to the at-will doctrine (as my breach of contract suit represents one). I, being the terminated employee, can bring claims based on wrongful discharge, breach of implied covenant of good faith, and promissory estoppel. My complaint has already pled the claims for promissory estoppel as alternative pleadings under the Rules. And, I amended my complaint to include a letter which sought to add the claims of promissory fraud and fraudulent inducement to my complaint, which the Judge granted leave to file for. In light of the lies that Ambit told by blaming the US Government in their renege email to me, and of Mr. Madden's testimony in an EEO complaint, where he states that when Ambit decided to interview me, they were already 3 weeks in a delayed status of their contractual obligations to NOAA, I revisited Ambit's offer letter and then their employee handbook and now must submit this motion for leave to file an amended complaint again, by including fraud and wrongful termination by Ambit. Their At-Will defense is null after the exceptions stated below. Moreover, their defense in use of the offer letter contingencies is void, as the reason for renege and subsequent termination, was created by Ms. Carr and Mr. Madden, a clear conflict of interest. Since Ambit took the offer away and it was not based on any contingency listed on offer letter, they are in breach. DC, MD, VA all recognize the common law tort of wrongful discharge in violation of public policy as an exception to the presumption of at will employment. I cite the cases: Carl v. Children's Hospital 702, A. 2d 159 (DC 1997); Adler v. Am Standard Corp, 432 A.2d 464 (Md. 1981); Bowman v. State bank Keysville, 331 SE. 2d 797 (Va. 1985). In establishing prima facie case of wrongful discharge in the District, proving the element that I engaged in a protected activity is hard, unless the very act of applying for work is covered under Title VII and I should not bear to face discriminatory hindrances to gain employment. The element of Ambit taking an adverse action is clearly visible, in their reneging. Causation is also hard to nail down, as no conduct on my part was the reason for termination; rather, they appear to imply that my file processing time was to blame, and in this implication I find a causation that Ambit seeks to imply my fault in this so this is causation proven.

II. <u>Implied Covenant of Good Faith and Fair Dealing</u>

There cannot be a climate of fair dealing when you have a firm like Ambit lie and blame the US government, their client, for pulling the position in my official renege email and in subsequent testimony. They break any integrity and trust from the US taxpayer because the taxpayer is who funds their client, which pays them. DC courts have recognized a claim for breach of the covenant in employment claims. – Paul v. Howard U., 754 A.2d 297 (DC 2000). Ambit breaches common decency when they try to state that my offer letter stated a contingency that would preclude me to

believe this was all above board and normal run of business when they write, "This offer is contingent upon the satisfactory return of your background check." And, they also state, "this offer is also contingent upon your successful completion of the contract required security...process." I completed my part; Ambit did not allow the normal NOAA process to flow its course. This clearly violates due process as well, because this process has its own known cadence and time frames.

"Under the law of the District...the mutual promise to employ...creates a contract...every contract is deemed to contain an implied covenant...neither party shall do anything...effect of destroying or injuring the right of the other..." – Draim v. Virtual Geosatellite, 631 F. Supp. 2d 32, 39 (DDC 2009).

Mr. Madden proves Ambit broke the fair dealing contract when he says Ms. Jane Doe, the white female who Ambit gave my job to, and who got a salary increase to take it, was better qualified. He testifies that sentiment twice. If that is the case, why bother me, a lowly menial minded Indian gay male? Further, why does Ambit use the words in their offer letter to me like "thrilled to have you join us" or "your professional contributions" and "pleased to offer you"? None of the acts of Ambit make sense and it shows they have acted in bad faith.

Further, DC and VA courts recognize that at will employment can be unilaterally modified by statements issued in employee handbooks. The dictatorial language used in ambits handbook modifies the at will doctrine by voiding it.

### III. Unenforceable non-solicitation/non-interference agreement

Any offer letter posed contingency therefore is voided and null, as is any validity of the non-solicitation and non-interference agreement. Courts have held that unenforceable agreements are those that are overbroad and or hinder an employee's ability to earn a living. Courts are likely to enforce a non-compete that is not unduly burdensome on my ability to earn a living, and less likely to enforce those that hinder my ability to earn a living. Over broadness is further affirmed by the lower court's ruling in Modern Environments v. Stinnett (263 Va. 491 (Va 2002).

Ambit's handbook pg. 7 is so dictatorial and overbroad, that it depicts a culture that any reasonable person would avoid. This page which states it supersedes any other policies, if read by an applicant, would prevent them from applying. The language used leaves no recourse to an employee seeking justice. It is unenforceable.

### IV. The Public Policy Exception to At Will

On face value, Ambit's lies about the government pulling the position should lead to their immediate debarment from ambit ever holding any federal contract. Ambit lying on the government and not disclosing information on the 3 week delay on their part in meeting NOAA's contractual obligations, was inducement. Then they took the role away, through no fault of mine. This was arbitrary, unethical, and Ambit owes me relief. A covenant is likely to be invalid if the promissee's need is outweighed by hardship to the promisor and the likely injury to the public." Deutsch, 795 A.2d at 675. The hardship of unemployment was so harsh and cruelly debilitating to me, that to seek assistance by way of food stamps or loan forbearance, or Medicaid, injures the public as it increases our debt and taxpayer is then given these as increased taxes and prices.

Due process violations is in contravention of a clear federal policy which is incorporated as public policy by the State of Maryland, should Ambit try to use job location as jurisdiction. These allegations state a proper cause of action under Maryland law for a recovery based on an alleged abusive discharge. Since these particular allegations are sufficient.

In VA, should Ambit seek jurisdiction based on their HQ: The court explained that the *Bowman* public policy exception is only recognized in 3 scenarios: (1) when an employer violated a policy enabling the exercise of an employee's statutorily created right; (2) when the public policy violated by the employer was explicitly expressed in the statute and the employee was clearly a member of that class of persons directly entitled to the protection enunciated by the public policy; and (3) when the discharge was based on the employee's refusal to engage in a criminal act. Virginia courts have found an exception to the at-will employment relationship if the termination violates a well-defined public policy of the state or violates Virginia statutory authority. Statutes expressing a public policy sufficient to form the basis of a wrongful discharge claim fall into two categories: (1) a statute explicitly stating that it expresses a public policy; and (2) statutes that do not explicitly state a public policy, but rather are "designed to protect property rights, personal freedoms, health, safety or welfare of the people in general." *Lockhart v. Commonwealth Educ. Sys. Corp.*, 247 Va. 98, 104, 439 S.E.2d 328, 331 (1994).

The Constitution of Virginia states: "That no person shall be deprived of his life, liberty, or property without due process of law; that the General Assembly shall not pass any law impairing the obligation of contracts". This statute represents a public policy designed to protect the welfare of people in VA.

Various courts have recognized that federal public policy may properly form the basis for an abusive discharge suit in a state court. See McNulty v. Borden, Inc., 474 F. Supp. 1111 (E.D.Pa.1979); Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167, 164 Cal. Rptr. 839, 610 P.2d 1330 (1980); Harless v. First National Bank, 246 S.E.2d 270 (W.Va. 1978); see also Pugh v. See's Candies, Inc., 116 Cal. App. 3d 311, 171 Cal. Rptr. 917 (1981). No cases have been cited to the Court holding to the contrary. This is rendered abusive discharge because Ambit's motivations were malicious, not legitimate. Malicious intent emanates from a firm like Ambit who is in the fed contract sphere that tries to fill a role, already delayed, and knowing the security processing time frames would not track to the client's needs. The only other option is sheer, and complete incompetence. Malicious intent emanates from a firm who lies and blames the US federal government on pulling the role, and who does so repeatedly, so as to confirm this was no mistake; this is their brand their culture.

It is with this that I respectfully ask the Honorable Judge Moss and the Clerk to grant my Rule 56 d motion and deny both defendants' motions.

*[signature]*

Monal Patel    7/17/19
pro se plaintiff
monal.m.patel@gmail.com

5

This handbook represents an overview of The Ambit Group's (hereinafter "Ambit" or "the Company") personnel guidelines, procedures, and benefits. This handbook, in addition to other Company announcements can be found on Ambit's Intranet by clicking on the Employee Navigator Benefits link or you can simply go to http://www.employeenavigator.com  Username: theambitgroup Password: Benefits1234.

This handbook supersedes all the Company's previous statements and or documents, including any previous handbooks, manuals, and memoranda. The entire contents are applicable to all Ambit employees regardless of their date of employment (unless specifically noted).

Ambit retains the absolute right to modify, update, disregard, suspend or rescind any or all such guidelines, policies, procedures, and benefits at any time. These policies and procedures are only guidelines provided for informational purposes and are designed to enhance the Company's operations. The Company is free to deviate from or to make exceptions to these guidelines in any particular case, as it deems appropriate. Ambit retains the sole discretion to interpret and apply the language.

All employees of Ambit are employed on an "at-will" basis, unless they have a written employment contract for a specific term that is signed by at least two corporate officers of Ambit. This handbook does not create an express or implied employment contract or term, or limit the at-will employment relationship between you and Ambit under which you may resign or be terminated, with or without cause, at any time, with or without notice.

Violation of any policy in the handbook can result in disciplinary action up to and including termination of employment.

Other than the policy of at-will employment, the Company's policies, procedures and benefits are continuously reviewed and change from time to time. Therefore, employees should check with their supervisor and/or Human Resources to verify current ones.

## Open Door Policy

Employees are encouraged to share their concerns, seek information, provide input in order to address and resolve any problems/complaints through their immediate supervisor, and when necessary, progressively consult with the next levels of management, including senior corporate executives. If your concern relates to



August 17, 2018

Monal Patel
*SENT VIA EMAIL*

Dear Monal,

Ambit Group, LLC (the "Company") is pleased to offer you a full-time, exempt position CPIC Program Management Consultant reporting to Kirsten Carr. This offer is contingent upon the satisfactory return of your background check. This offer is also contingent upon your successful completion of the contract required security and badging process. The salient terms of your employment offer are as follows:

- Start Date: To be determined based on the contingencies outlined above.

- Base Compensation: Your starting salary will be $4,583.33 per pay period. There are 24 pay periods per year.

- Work Location: Silver Spring, MD

- Health Care: You will be eligible to participate in your choice of one of five Cigna Medical Plan options selected by the company upon your date of hire. If you choose to elect coverage and/or elect to cover dependent(s), the additional amount will be deducted from your semi-monthly payroll. You may elect to have your premium contribution deducted on a pre-tax basis.

- Dental Care: You will be eligible to participate in your choice of one of three MetLife Dental Care Plan options selected by the company upon your date of hire. If you choose to elect coverage and/or elect to cover dependent(s), the additional amount will be deducted from your semi-monthly payroll. You may elect to have your premium contribution deducted on a pre-tax basis.

- Vision Care: You will be eligible to participate in your choice of one of four MetLife Vision Care Plan options selected by the company upon your date of hire. If you choose to elect coverage and/or elect to cover dependent(s), the additional amount will be deducted from your semi-monthly payroll. You may elect to have your premium contribution deducted on a pre-tax basis.

- Additional Benefit Options: You will be eligible to participate in a variety of additional benefit options, including: Voluntary Short Term Disability, Voluntary Long Term Disability, and Voluntary Life and AD&D Insurance. A full list of available benefit options can be found in the Ambit Benefits Summary. You may elect to have your premium contributions deducted on a post-tax basis.

- Paid Leave: After 90-days of service, you will be eligible to participate in Ambit's Self-Managed Paid Time Off (PTO). Self-managed PTO allows Ambit employees, with approval from their managers, to take leave as needed to manage their work and personal commitments.

- 401(k) Plan: You will be eligible to participate in the company 401(k) plan immediately upon your date of hire. Ambit currently matches 100% of the first 1% deferred, plus 50% on the next 2% deferred.

8607 Westwood Center Drive · Vienna VA 22182
theambitgroup.com

AMBIT

---

- Your continued employment is contingent upon the verification of the appropriate identity and employment eligibility documentation on the Form I-9, as required by the Immigration Reform and Control Act of 1986, within 72-hours of your start date.

- Non-Compete/Confidentiality: You will be expected to sign, as a condition of employment, the Confidentiality, Non-Solicitation and Non-Interference Agreement ("Agreement") and to comply with it.

- Representations: Your acceptance of these terms indicates that you do not have any understanding or agreement with anyone else which restricts your ability to perform these duties.

- At Will Employment: This letter shall not be construed as an agreement, either expressed or implied, to employ you for any stated term, and shall in no way alter the Company's policy of employment at will, under which both you and the Company remain free to terminate the employment relationship, with or without cause, at any time, with or without notice. Similarly, nothing in this letter shall be construed as an agreement, either express or implied, to pay you any compensation or grant you any benefit beyond the end of your employment with the Company.

Should this offer meet with your approval, please sign and fax a copy of this letter to our secure fax at 703-935-4774 or e-mail to HR@theambitgroup.com no later than *August 21, 2018*.

You are joining an outstanding team that is dedicated to creating a company of great value. We are thrilled to have you join us and believe that your professional contributions will help us toward this goal. We look forward to working with you at Ambit. If you have any questions, please don't hesitate to contact me at 703-956-1697. We look forward to the potential of you joining our team!

Sincerely,                                               Accepted:

[signature]                                              _____

Stephanie McElhenny
HR Generalist                                            Date Signed: _____



8607 Westwood Center Drive · Vienna VA 22182
theambitgroup.com

AMBIT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Monal Patel, *Plaintiff*, v. Ambit Group, *et al.*, *Defendants*. | Civ. No. 18-cv-02985-RDM |

# ORDER

Upon consideration of Plaintiff's Motion for Discovery Under Federal Rule of Civil Procedure 56(d), and the Defendants' response thereto, it is hereby

**ORDERED** that Plaintiff's Rule 56(d) Motion is **GRANTED.**

IT IS SO ORDERED this_____day of_____, 2019.

                                                          RANDOLPH D. MOSS
                                                          United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2019, I caused the foregoing MOTION FOR DISCOVERY UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(D) to be filed with the United States District Court for the District of Columbia via the USPS 1st class postage pre-paid mail, and via e-mail to the counsels for Ambit Group (John Remy) and Federal Defendants (Paul Cirino).

Dated: July 18, 2019

/s/ _____
Monal Patel, pro se plaintiff
monal.m.patel@gmail.com

to counsel for Ambit Group:
remyj@jacksonlewis.com

and for Fed Defs:
paul.cirino@usdoj.gov

From: M. Patel
2020 F St NW #125
WDC 20006

To: Clerk of the Court
U.S. District Court for District of Columbia
333 Constitution Avenue, NW
Rm 1130
Washington, DC 20001

GREENVILLE PSDU 296
MON 22 JUL 2019 PM