## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MONAL PATEL,

        *Plaintiff*,

    v.

THE AMBIT GROUP, NATIONAL
OCEANIC AND ATMOSPHERIC
ADMINISTRATION, and NEIL JACOBS,
Administrator,[1]

        *Defendants.*

Civil Action No. 18-2985 (RDM)

## MEMORANDUM OPINION

Plaintiff Monal Patel, proceeding *pro se*, brings this action against The Ambit Group

("Ambit") and the National Oceanic and Atmospheric Administration and its Administrator,

(collectively "NOAA"). Liberally construed, Patel's complaint alleges claims for (1) breach of

an express or implied contract, (2) wrongful termination, and (3) violations of the Administrative

Procedure Act ("APA"), 5 U.S.C. § 701 et seq. *See* Dkt. 1 at 5 (Compl. § III). Ambit moves to

dismiss on the ground that the complaint fails to state a claim upon which relief may be granted,

Dkt. 3, and NOAA moves to dismiss for lack of subject-matter jurisdiction and for failure to state

a claim, Dkt. 8. For the following reasons, the Court will **GRANT** both motions.

## I.  BACKGROUND

For purposes of the pending motions, the Court must accept the non-conclusory factual

allegations set forth in the complaint as true, and will also consider Ambit's offer letter to Patel,

---

[1] Neil Jacobs, the current Acting Under Secretary of Commerce for Oceans and Atmosphere, is
automatically substituted for his predecessor, Dr. Timothy Gallaudet, pursuant to Federal Rule of
Civil Procedure 25(d).

which is referenced in the complaint.  *See Dentons US LLP v. Republic of Guinea*, 208 F. Supp. 3d 330, 334–35 (D.D.C. 2016).

The Ambit Group is a data analytics company that has contracts to perform work for government agencies, including NOAA. *See* Dkt. 3-1 at 2. On August 17, 2018, Ambit emailed Patel a letter offering him full time employment as a "CPIC Program Management consultant." Dkt. 11-1 at 13 ("Offer Letter"). The Offer Letter states that Patel's starting salary would be "$4,583.33 per pay period," with "24 pay periods per year." *Id.* The offer was contingent on Patel's "successful completion" of a "security and badging process," which was presumably necessary to allow Patel to perform services at NOAA. *Id.* The Offer Letter lists the anticipated work location, the benefits Patel would receive, and other requirements, including execution of a Non-Compete/Confidentiality Agreement. *Id.* at 13–14.

Of particular importance to the present dispute, the Offer Letter provided:

> At Will Employment: This letter shall not be construed as an agreement, either expressed or implied, to employ you for any stated term, and shall in no way alter the Company's policy of employment at will, under which both you and *the Company remain free to terminate the employment relationship, with or without cause, at any time, with or without notice*. Similarly, nothing in this letter shall be construed as an agreement, either express or implied, to pay you any compensation or grant you any benefit beyond the end of your employment with the Company.

*Id.* at 14 (emphasis added).

According to the complaint, Patel attended the required Department of Commerce training and provided his fingerprints to NOAA. Dkt. 1 at 5 (Compl. § III). After he completed these steps, however, Patel was notified that NOAA had "pulled" the position. *Id.* He alleges that, even though the offer was for employment at-will, events occurring after he received the Offer Letter, including his participation in the Department of Commerce training, gave rise to "an implied contract agreement." *Id.* He further alleges, moreover, the NOAA violated the APA

2

when it decided to "in-source" the job and when it failed to inform Ambit about "the role change," if, in fact, it failed to do so. *Id.* Finally, Patel alleges that NOAA was his "joint employer" because "it would have" been able "to assert control over [his] work and schedule," and that he was "wrongful[ly terminat[ed]" due to Ambit's "bad faith" and NOAA's arbitrary and capricious action. *Id.*

Ambit now moves to dismiss Patel's complaint for failure to state a claim upon which relief can be granted, Dkt. 3-1, and NOAA moves to dismiss for lack of subject-matter jurisdiction and failure to state a claim, Dkt. 8.

## II.  LEGAL STANDARD

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In evaluating such a motion, the Court "must first 'tak[e] note of the elements a plaintiff must plead to state [the] claim' to relief, and then determine whether the plaintiff has pleaded those elements with adequate factual support to 'state a claim to relief that is plausible on its face.'" *Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," *id.* at 555–56.

This matter is also before the Court on NOAA's motion to dismiss under Rule 12(b)(1). A plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). In deciding a Rule 12(b)(1) motion, the court "may consider materials outside the pleadings," but "must still

accept all of the factual allegations in the complaint as true." *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005) (citation and alteration omitted). Because subject-matter jurisdiction focuses on the Court's power to adjudicate the plaintiff's claim, a Rule 12(b)(1) motion imposes on the Court "an 'affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Statewide Bonding, Inc. v. U.S. Dep't of Homeland Sec.*, No. 18-2115, 2019 WL 2477407, at *3 (D.D.C. June 13, 2019) (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001)). As such, "'the plaintiff's factual allegations in the complaint will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Id.* (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. 2d § 1350).

A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "This benefit is not, however, a license to ignore the Federal Rules of Civil Procedure," *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted), and thus a *pro se* complaint must "still 'present a claim on which the Court can grant relief' to withstand a Rule 12(b)(6) challenge," *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014) (citations omitted). Moreover, as with any other plaintiff, a *pro se* plaintiff must meet his burden of establishing subject-matter jurisdiction. *See, e.g.*, *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 176 (D.D.C. 2007).

## III.   ANALYSIS

### A.      Plaintiff's Claims Against Ambit

Under D.C. law, "employment is presumed to be at will, unless the contract of

employment expressly provides otherwise." [2] *Carl v. Children's Hosp.*, 702 A.2d 159, 162 (D.C. 1997). But, even without that presumption, there is no question that the employment that Patel was offered was "at will." The offer's express terms are emphatic that the position was for employment "at will" and "both [Patel] and the Company remain[ed] free to terminate the employment relationship, with or without cause, at any time, with or without notice." Dkt. 11-1 at 14. Indeed, Patel alleges as much in his complaint. Dkt. 1 at 5 (Compl. § III).

Patel nevertheless alleges that Ambit's "at will" employment offer was subsequently transformed into an "implied contract" due to the pre-employment security and onboarding procedures he completed, and his communications with Ambit concerning those actions. *See* Dkt. 1 at 5 (Compl. § III). Under D.C. law, however, employers are permitted to disclaim any implied contracts. *See Kerrigan v. Britches of Georgetowne*, 705 A.2d 624, 627 n.3 (D.C. App. 1997) (observing that D.C. law permits employers to "disclaim any implied contracts"). Ambit did just that here. Its Offer Letter, in no uncertain terms, stated that the offer should "not be construed as an agreement, either expressed or implied, to employ [Patel] for any stated term." Dkt. 11-1 at 14. Patel's complaint, in turn, includes no allegation that would allow the Court to disregard the unambiguous terms of the Offer Letter, including Ambit's express disclaimers.

Similarly, Patel's contention that Ambit breached the implied covenant of good faith and fair dealing is insufficient to avoid dismissal of his breach of contract claim. Even assuming that an offer of at-will employment like the one at issue here carries with it an implied covenant

---

[2] Neither Patel nor Ambit raises a choice-of-law argument and both apply D.C. law. Because "litigants may waive choice-of-law issues," the Court "need not challenge [the parties'] evident assumption that District of Columbia law applies." *Parker v. John Moriarty & Assocs. of Virginia*, 332 F. Supp. 3d 220, 234 n.10 (D.D.C. 2018).

of good faith and fair dealing, Patel has failed to allege what, if anything, Ambit did to violate such a term. The express terms of an agreement must, of course, control, *see Whole Foods Mkt. Grp. v. Wical L.P.*, 288 F. Supp. 3d 176, 188 (D.D.C. 2018) ("It is axiomatic that the implied covenant of good faith and fair dealing cannot contradict, modify, negate, or override the express terms of a contract" (citations and quotations omitted)), and Ambit expressly reserved the right to terminate Patel's employment at any time, for any reason, and without notice, *see* Dkt. 11-1 at 14. It has long been settled in the District of Columbia that "an employer may discharge an at-will employee at any time and for any reason, or for no reason at all." *Carl*, 702 A.2d at 162. This rule, moreover, extends to "individuals who are promised at-will jobs, but whose offers of employment are retracted before the employment is to begin." *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 92 (D.D.C. 2004). Yet, other than alleging that Ambit exercised that right, Patel fails to explain how Ambit acted in bad faith. To the contrary, even on Patel's own account, Ambit's withdrawal of the offer was based on a legitimate business rationale: it withdrew the offer of employment because its customer—NOAA—no longer needed Ambit's assistance filling the position at issue. *See* Dkt. 1 at 5 (Compl. § III).

In his opposition brief, Patel suggests that Ambit committed a tort based on fraud or misrepresentation. *See* Dkt. 11 at 2 (Pl.'s Opp.) (contending that Ambit's alleged actions were "possibly part of promissory fraud and/or misrepresentation"); *id.* at 5 ("The alternative pleading of a claim of promissory fraud is actionable . . . ."). It is well-settled, however, that a plaintiff may not amend his complaint in a brief in opposition to a motion to dismiss, *see Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003), and, even though *pro se* litigants are entitled to some leeway in a court's construction of their pleadings, they must still comply with the Federal Rules of Civil Procedure, including the

dictates of Rule 15, *see Wright v. U.S. Dep't of Justice*, 121 F. Supp. 3d 171, 175 n.2 (D.D.C 2015). Because there is no hint of a fraud-based claim in Patel's complaint, *see* Dkt. 1, the Court cannot consider these allegations in deciding the instant motion to dismiss.[3]

The Court will, accordingly, dismiss Patel's claims against Ambit.

## B.   Plaintiff's Claims Against NOAA

Patel's claims against NOAA, including his claim against the NOAA Administrator, fail on two different grounds. First, the Court lacks jurisdiction to consider Patel's breach of contract claim. Second, the APA does not provide a cause of action—or a waiver of sovereign immunity—for purposes of damages claims against federal agencies.

### 1.   *Breach of Contract Claim*

"Federal courts are courts of limited jurisdiction," which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Under the Tucker Act, Congress vested the Court of Federal Claims with *exclusive* jurisdiction over all contract claims against the federal government in excess of $10,000. 28 U.S.C. § 1491(a) (emphasis added); *see also Brown v. United States*, 389 F.3d 1296, 1297 (D.C. Cir. 2004) (recognizing the jurisdictional limits established by the Tucker Act). Here, Patel brings suit against NOAA, a federal agency, on a contract theory, and he seeks damages well in excess of the $10,000 statutory threshold. *See* Dkt. 1 at 6 (Compl. IV) (seeking salary for a period of twelve months, benefits, and "liquidated damages of $300,000"). As a result, jurisdiction over this claim is vested exclusively with the Court of Federal Claims—

---

[3] It goes without saying that Patel cannot assert a claim under the APA against Ambit, which is a private entity. The APA provides a cause of action "'in favor of persons aggrieved by agency action,'" *Trudeau v. FTC*, 456 F.3d 178, 188 (D.C. Cir. 2006) (citation omitted), not in favor of persons aggrieved by private action.

not this Court.  And, although far from clear, it appears that Patel's wrongful termination claim is also contingent on his breach of contract claim.  That is, without a contract of employment, the Court cannot discern how NOAA could have wrongfully terminated Patel.  Nor does Patel identify any other waiver of sovereign immunity that would allow him to sue NOAA for wrongful termination; he does not allege, for example, that NOAA violated Title VII, 42 U.S.C. § 2000e *et seq.*, or a similar law, such as the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*  As a result, the Court also lacks jurisdiction over Patel's wrongful termination claim against NOAA.

The Court will, accordingly, dismiss Patel's breach of contract and wrongful termination claims against NOAA.[4]

2. *Administrative Procedure Act Claim*

Finally, Patel's efforts to invoke the APA fail as a matter of law.  Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," is authorized to bring "an action in a court of the United States seeking relief *other than money damages*."  5 U.S.C. § 702 (emphasis added).  By its very terms, therefore, the APA does not extend to claims seeking "money damages."  *See id.*  Among other things, this means that "the APA does not waive sovereign immunity for contract actions brought against the government in a federal district court." *Albrecht v. Comm. on Emp. Bens. of the Fed. Reserve Emp. Bens. Sys.*, 357 F.3d 62, 68 (D.C. Cir. 2004).

---

[4] Although the Court has the discretion to transfer the case to the Court of Federal Claims in the interest of justice, *see* 28 U.S.C. § 1631, the Court concludes that Patel has failed to state a plausible breach of contract claim against NOAA and, accordingly, concludes that no purpose would be served by transferring the case.

Patel's APA claim is just such an action and thus fails as a matter of law. This remains true even to the extent Patel seeks only equitable relief arising from the alleged breach of contract. "Because the Tucker Act—which does not authorize equitable relief—was intended to provide 'the exclusive remedy for contract claims against the government,' this Circuit has interpreted the Tucker Act as 'impliedly forbidding' district courts from awarding equitable relief against the government on a contract claim brought under the APA." *Wright v. Foreign Serv. Griev. Bd.*, 503 F. Supp. 2d 163, 180, (D.D.C. 2007) (quoting *Transohio Sav. Bank*, 967 F.2d at 609). As a result, this Court, once again, does not have subject-matter jurisdiction over Patel's contract-based APA claims against NOAA, nor is Patel entitled to pursue any claim for money damages under the APA.

The Court will, accordingly, dismiss Patel's APA claim against NOAA.

## CONCLUSION

For the foregoing reasons, the Court will grant both Ambit's motion to dismiss, Dkt. 3, and NOAA's motion to dismiss, Dkt. 8.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: September 17, 2019