# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 19-5283**  **September Term, 2019**

1:18-cv-02985-RDM

Filed On: April 2, 2020

Monal Patel,
    Appellant

v.

Ambit Group, et al.,
    Appellees

    **BEFORE:**    Rogers, Tatel, and Millett, Circuit Judges

## O R D E R

Upon consideration of the motion to appoint counsel; the motion for summary affirmance, the opposition thereto, the supplements to the opposition, and the reply; and the corrected motion to dismiss, which the court construes as a motion for summary affirmance, the opposition thereto, the supplements to the opposition, and the reply, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motions for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

The district court properly dismissed appellant's claims against the Ambit Group. As an initial matter, appellant does not challenge the district court's application of District of Columbia law to his breach of contract claim. See Perry Capital LLC v. Mnuchin, 864 F.3d 591, 626 n.24 (D.C. Cir. 2017). Appellant also does not dispute that the employment he was offered was presumptively "at will" under District of Columbia law, or that such offers may be retracted at any time and for any reason. See Liberatore v. Melville Corp., 168 F.3d 1326, 1329 (D.C. Cir. 1999). Appellant, however, failed to allege sufficient facts to overcome this presumption of at-will employment. See Nickens v. Labor Agency of Metropolitan Washington, 600 A.2d 813, 816 (D.C. 1991). Appellant alleged that the Ambit Group's employment offer gave rise to an "implied contract" based on his performance of certain "onboarding" activities, and that the Ambit Group then breached that implied contract by retracting the job offer. But appellant has failed to address language in the offer letter expressly disclaiming the

United States Court of Appeals
For The District of Columbia Circuit

**No. 19-5283**                                                                              **September Term, 2019**

existence of any implied contract, as well as the unequivocal language stating that the offer was for at-will employment only.  Cf. Boulton v. Inst. of Int'l Educ., 808 A.2d 499, 504-05 (D.C. 2002) (employer's express disclaimer in employee handbook precluded an implied contract).  Accordingly, there was no basis for a breach of contract claim against the Ambit Group.  Relatedly, appellant failed to state a claim under District of Columbia law that the Ambit Group breached a covenant of good faith and fair dealing.  See Paul v. Howard Univ., 754 A.2d 297, 310 n.28 (D.C. 2000).  And because appellant's "wrongful termination" claim was based on the alleged breach of the covenant of good faith and fair dealing, that claim necessarily failed as well.  To the extent appellant's complaint also alleged that the Ambit Group violated the Administrative Procedure Act, he does not address that claim on appeal.  See U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").

Next, appellant argues that he amended his complaint to add claims based on fraud and disparate treatment by raising those claims in his opposition to the Ambit Group's motion to dismiss and other filings in district court.  However, the district court did not abuse its discretion in declining to consider those claims, because appellant's opposition brief, which was filed outside the period in which he could have amended his complaint as of right, did not clearly convey an attempt to add those additional claims to his complaint.  See Fed. R. Civ. P. 15(a); Richardson v. United States, 193 F.3d 545, 548-49 (D.C. Cir. 1999).  In addition, notwithstanding the district court's explicit instructions in its April 8, 2019 minute order as well as the court's local rules, appellant did not thereafter file a motion for leave to amend the complaint or a proposed amended complaint.  See Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 130 (D.C. Cir. 2012); see also Belizan v. Hershon, 434 F.3d 579, 582 (D.C. Cir. 2006) ("Rule 15(a) – even as liberally construed – applies only when the plaintiff actually has moved for leave to amend the complaint; absent a motion, there is nothing to 'be freely given.'").

Finally, appellant raises no argument with respect to the district court's decision to dismiss his claims against the National Oceanic and Atmospheric Administration and its administrator.  See Totten, 380 F.3d at 497.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 19-5283**                          **September Term, 2019**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### Per Curiam

                                  **FOR THE COURT:**
                                  Mark J. Langer, Clerk

               BY:    /s/
                                 Manuel J. Castro
                                 Deputy Clerk